IN RE INTEREST OF A.M., C.M., AND L.M., CHILDREN UNDER 18
YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. V.M., APPELLANT.
455 N.W.2d 572

Filed May 25, 1990.   No. 89-1304.

Ronald A. Ruff, Custer County Public Defender, for appellant.

William Steffens and, on brief, George Rhodes, Custer County Attorney, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

This is an appeal directly to this court, pursuant to Neb. Rev. Stat. § 43-2,106 (Reissue 1988), by the natural mother, V.M., from the judgment of the county court for Custer County, Nebraska, terminating the parental rights of the natural parents to A.M., C.M., and L.M. The natural father does not appeal that judgment. We affirm.

The court found that the natural father had failed to provide support for the minor children and had abandoned them. The court further found that the natural parents had failed to provide necessary care and protection, necessitating prolonged foster care placement.

The court also found that

[the natural parents] are each unfit by reason of habitual use of intoxicating liquor and their conduct is seriously detrimental to the health, morals or well-being of their children. They are frequently incapable of caring for their children due to their intoxication. But more specifically in this case there is evidence that while they are intoxicated

the children have in fact been put in danger of their health and welfare. This has happened on repeated occasions.

The court further found that

[the natural mother] has the ability to love and care for her children and she does love her children and she cares about them. But she does not demonstrate caring for her children and it is because primarily of her alcohol abuse.

The Court specifically finds that reasonable efforts have been made by the Department of Social Services; not only reasonable efforts, but in fact the Court notes that extraordinary efforts have been made by the Department.

A single error is assigned, which states that "[t]he order terminating the parental rights of Appellant was contrary to law as no expert testimony was offered by the State, there was no evidence that serious emotional or physical damage was likely to result to the children, and the trial court's findings were not beyond a reasonable doubt."

The assigned error divides into two parts. The first part discussed is whether the juvenile court erred in not applying the more stringent standard of proof beyond a reasonable doubt in termination proceedings involving Indian children, as required by the Nebraska Indian Child Welfare Act, Neb. Rev. Stat. §§ 43-1501 et seq. (Reissue 1988).

A party to a proceeding who seeks to invoke a provision of the Nebraska Indian Child Welfare Act has the burden to show that the act applies in the proceedings. See *In re Interest of J.L.M. et al.*, 234 Neb. 381, 451 N.W.2d 377 (1990).

No pleadings are included in the transcript that raise the issue of the status of the minors as Indians. Further, the parents did not appear at the hearing, and the only evidence of the status of the minors as Indians is an oblique reference in a social service report and a reference to a notice to an Indian tribe of the proceedings. Appellant has failed to carry the burden imposed upon her and, thus, this portion of the assignment has no merit.

In addressing the second part of the assigned error, counsel have not cited any cases holding that the State's burden of establishing by clear and convincing evidence that termination of parental rights is in the best interests of the minor children must be established by expert testimony, nor have we

discovered any.

Rather than engage in a discussion of whether the Child Protective Services worker was an expert or a person whose lay opinion was of particular value to the trier of fact, we will point out only that the evidence of extended neglect, alcohol abuse, and unhealthy living conditions has overwhelmingly been established. The court had no alternative but to conclude that no real prospect of parental rehabilitation existed and that by clear and convincing evidence the parents' rights should be terminated. In our de novo review we agree with the court's judgment, and it is affirmed.

AFFIRMED.