**In the Interest of M.N.W. and P.B.S.W., Minor Children,**

**C.W., Mother, Appellant.**

**No. 97–1206.**

Court of Appeals of Iowa.

Feb. 25, 1998.

Teresa A. O'Brien, Sioux City, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller–Todd, Assistant Attorney General, and Rhoda Tenuta, Assistant County Attorney, for appellee State.

Joseph Kertels, Sioux City, for minor children.

Heard by HUITINK, P.J., and STREIT and VOGEL, JJ.

VOGEL, Judge.

On appeal from the termination of her parental rights, the mother, Christie, claims the juvenile court erred in: (1) failing to determine whether the Indian Child Welfare Act (ICWA) was applicable; and (2) ruling in the post-termination hearing that ICWA did not apply to her child.

*Background facts.* Christie is the mother of Phoenix, born in October 1994. David is the putative father. Phoenix was removed from Christie's care in April 1995 and was subsequently adjudicated a child in need of assistance (CINA) because of Christie's substance abuse problems. Christie was unsuccessful in completing recommended treatment programs and has not scheduled a visit with Phoenix since October 1995. David has not been involved in Phoenix's life since September 25, 1995.

Neither Christie nor David appeared at the termination hearing. During that hearing, Christie's attorney questioned the Department of Human Services' (DHS) case worker about whether Phoenix might be Native American and if any determination had been made as to whether the Indian Child Welfare Act (ICWA) was applicable. The issue arose because Christie's attorney found in a pre-adoptive home study report that the child's maternal grandmother told the agency that the father is "Native American, Mexican, and Filipino." The only other reference to any possible Native American heritage comes from the name Phoenix itself.[1] The juvenile court sustained the State's objection to the questioning, finding David had the burden to bring the issue of the applicability of ICWA to the court's attention. In an order filed on June 17, Christie's and David's parental rights were terminated. Only Christie appeals.

Subsequent to the termination, notice was given to the Secretary of the Interior, Bruce Babbitt, the guardian ad litem, and the Iowa Department of Human Services of a hearing to determine if ICWA was applicable. As both David's and Christie's parental rights had been terminated, no notice was given to them. With no additional information indicating Phoenix was a child either enrolled or eligible for enrollment in an Indian Tribe, the court determined ICWA did not apply to the termination.

■ *Scope of review.* We review proceedings to terminate a parent-child relationship de novo; we may review the facts as well as the law and adjudicate the parents' rights anew. *In re Dameron,* 306 N.W.2d 743, 745 (Iowa 1981). Our primary concern is the best interests of the child; we look both the child's long-range and immediate interests. *In Interest of J.W.,* 528 N.W.2d 657, 659 (Iowa App.1995).

■ *I. Standing.* The State argues Christie has no standing to address whether the court correctly ruled that ICWA did not apply as her parental rights were terminated

---

1. Phoenix Blue Skye are the first and middle names of the child; we withhold the child's last name for reasons of confidentiality. We note, however, the last name does not in any way indicate a Native American heritage.

by the court at the previous termination hearing. We agree. *See In Interest of J.P.*, 499 N.W.2d 334, 340 (Iowa App.1993) ("Once the court determines the requirements are met to support termination, our legislature has chosen not to allow a parent to have enforceable rights."). Nevertheless, we address this claim with her other arguments because of the legal implications raised by Christie, potentially impacting both Phoenix and any possible tribal rights.

*II. Applicability of ICWA.* Christie contends the juvenile court erred in failing to determine at the outset of the proceedings whether or not ICWA was applicable. She contends the DHS files included information indicating that David was part Native American and the child's full name should have alerted the court to the possible applicability of ICWA.

ICWA provides:

In any involuntary proceeding in State court, where the court knows or has reason to know that an Indian child is involved, the party seeking the foster care placement of, or termination of parental rights to, an Indian child shall notify the parents or Indian custodian and the Indian child's tribe, by registered mail with return receipt requested, of the pending proceedings and of their right of intervention. If the identity or location of the parent or Indian custodian and the tribe cannot be determined, such notice shall be given to the Secretary in like manner, who shall have fifteen days after receipt to provide the requisite notice to the parent or Indian custodian and the tribe. No foster care placement or termination of parental rights proceeding shall be held until at least ten days after receipt of notice by the parent or Indian custodian or the tribe shall, upon request be granted up to twenty additional days to prepare for such proceeding.

25 U.S.C. § 1912 (1988 & Supp. I 1997).

Other states have established it is incumbent upon the party asserting applicability of ICWA to prove the child meets the criteria under ICWA. *See In Interest of A.G.–G*, 899 P.2d 319, 321 (Colo.App.1995); *In re Interest of A.M.*, 235 Neb. 506, 455 N.W.2d 572, 573 (1990). Christie would have the court on it's own motion entertain the possibility that a child is Native American based on whether the child's name indicated Native American heritage. This would be left to the discernment of the presiding judge. While it is true a person's name may reflect heritage, we cannot assume names are necessarily indicators of heritage, given the multitude of possible explanations behind name-giving in our society. Our courts would be asked to use their creative rather than legal judgment to make such precautionary inquiries.

Contrary to Christie's assertion, we are not creating a "loophole" in ICWA allowing juvenile courts to proceed without following ICWA guidelines. To interpret ICWA in a way not clearly contemplated within its purview is to place an undue burden on the court. Under these particular facts, there was simply insufficient information for the issue to be raised by the court.

Moreover, Christie's assertion of the tepid indicators she cites is not enough to absolve her duty to establish, pursuant to ICWA, (codified at 25 U.S.C. § 1903) the "Indian" child is:

... any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe.

*Id.*

Some evidence must establish the child is Indian. *See In re Matter of N.S.*, 474 N.W.2d 96, 99 (S.D.1991). *See, e.g., In Interest of A.G.–G.*, 899 P.2d at 322 (holding school records indicating father is Indian is not sufficient evidence; also stating evidence is not adequate where parents tell caseworker of their Indian heritage and no tribal information is available). It does not therefore suffice that the child *may* have a Native American heritage. According to 25 U.S.C. section 1903, the child must be a member of an Indian tribe or eligible for membership therein *and* must also be a biological child of a Native American.

No information was ever given by either Christie or David that would alert the court or the Department of Human Services that David may be part Native American. The only piece of information came in a pre-adoptive home study conducted regarding the suitability of Christie's mother as an adoptive parent for Phoenix. In one of her interviews she stated Christie had told her that David was part Native American. This information was not even provided by David who would be in the best position to verify or refute the possibility. It remains unsubstantiated. The evidence in this record is scant at best and does not meet the foregoing statutory criteria to any degree of certainty.

We accordingly affirm the juvenile court.

**AFFIRMED.**