**IN THE COURT OF APPEALS OF IOWA**
No. 17-0010
Filed April 5, 2017

**IN RE THE INTEREST OF K.N.,**
**Minor Child,**

**S.T, Mother,**
     Appellant.

_____

Appeal from the Iowa District Court for Polk County, Susan Cox, District Associate Judge.

A mother appeals the juvenile court decision terminating her parental rights. **AFFIRMED.**

Jane M. White of Jane M. White Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Erin M. Hardisty of the Youth Law Center, Des Moines, guardian ad litem and attorney for minor child.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

A mother appeals the juvenile court decision terminating her parental rights. We find (1) the mother did not timely appeal the permanency order and we do not consider her claims regarding the order in this appeal; (2) there is sufficient evidence to support termination of her parental rights; (3) termination is in the child's best interests; (4) it would not be in the child's best interests to give the mother an additional six months to work on reunification; and (5) the mother did not have standing to challenge the placement of the child after termination of her rights. We affirm the juvenile court.

## I.    Background Facts & Proceedings

S.T., mother, and D.N., father, are the parents of K.N., who was born in 2015. The mother has a long history of substance abuse and criminal behavior. The child was born with methamphetamine in his system and was removed from the parents' care within days after birth and placed in foster care. The mother was on probation for theft at the time the child was born. Previously, her parental rights to five other children were terminated.

The child was adjudicated to be in need of assistance (CINA), pursuant to Iowa Code section 232.2(6)(n) and (o) (2015). The mother was inconsistent in attending visitation with the child. There was an incident of domestic violence between the parents during a supervised visit and a no-contact order was entered. In April 2016, there was another incident of domestic violence, this time with the mother as the perpetrator, and a new no-contact order was entered. Later that month, the mother twice tested positive for methamphetamine use.

The mother's probation was revoked, and she was incarcerated on April 25, 2016.

In granting a motion for a continuance of a permanency hearing, the juvenile court issued an order on June 13, 2016, stating, "The mother, [S.T.] is incarcerated at the Polk County Jail. The mother has changed her mind, several times, regarding whether she wanted to be present for the hearing. The court therefore orders that she be transported to Courtroom 209B for this hearing." The mother filed a motion to enlarge and amend, which was still pending at the time of the permanency hearing on June 16, 2016. The mother was transported to the permanency hearing and, when questioned by the court, stated she wanted to remain at the hearing. In the permanency order, filed on June 27, 2016, the court denied the motion to enlarge and amend. The mother filed a second motion to enlarge and amend on July 7, 2016, and this was also denied by the juvenile court on July 8, 2016.

The State filed a petition on July 7, 2016, seeking to terminate the parents' rights. Fourteen hours before the termination hearing, which was held on September 22, 2016, the mother filed a motion to modify the placement of the child. The mother asked to have the child placed with relatives in Texas rather than the current foster family. The court determined the motion should be considered at a later hearing.[1] The court also stated it would not consider an oral motion to intervene raised by the Texas relatives just prior to the termination

---

[1] The hearing was set for October 21, 2016, continued to November 8, 2016, and then continued to December 14, 2016. Based on the court's ruling in the termination petition, the juvenile court later determined no hearing needed to be held.

hearing, ruling a written motion should be filed. A written motion to intervene was never filed in the case.

On November 21, 2016, the juvenile court terminated the parents' rights under section 232.116(1)(e), (g), and (h) (2016). The court found termination was in the child's best interests and no exceptions to termination were applicable. The court found, "The parents have not even seen the baby since April 2016. K.N. has never lived with either parent or even had an unsupervised visit with either parent." In the termination order, the juvenile court denied the mother's motion to modify placement, finding (1) the mother no longer had standing to challenge the dispositional order; (2) the basis for the motion, section 232.102(1)(a)(1), was applicable in CINA proceedings, not termination proceedings; and (3) the child deserved permanency, rather than further extending the case for another hearing.

The mother filed a motion to enlarge or amend. The court slightly modified the termination order to specifically refer to a certain exhibit and section 232.116(2), but otherwise denied the motion. The mother appeals the juvenile court order terminating her parental rights.[2]

## II. Standard of Review

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or

---

[2] The father did not contest termination of his rights and has not appealed the juvenile court's order.

substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount concern in termination proceedings is the best interests of the child. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

### III. Permanency Hearing

The mother claims the juvenile court improperly required her to attend the permanency hearing on June 16, 2016. The permanency order, filed on June 27, 2016, which denied the mother's first motion to enlarge and amend the order requiring her to appear, included the following statement:

> **NOTICE: Effective July 1, 2003 a Court Order entered pursuant to Iowa Code Chapter 232 in CINA, Termination of Parental Rights, or Post-Termination proceedings must be appealed by the aggrieved party pursuant to Iowa R. App. P. 6.101(1)(a) by filing a notice of appeal within 15 days of the entry of the order being appealed, with a petition of appeal filed within 15 days thereafter.**

The mother filed a second motion to enlarge and amend, which was denied by the juvenile court on July 8, 2016. The mother did not appeal the order requiring her to attend the permanency hearing until January 3, 2017. We conclude the mother's claims concerning the permanency hearing were not appealed in a timely manner and we do not address them. *See Hays v. Hays*, 612 N.W.2d 817, 819 (Iowa Ct. App. 2000) ("We do not have jurisdiction to consider untimely appeals.").

### IV. Sufficiency of the Evidence

The mother claims there is not sufficient evidence to support termination of her parental rights under section 232.116(1)(e) or (g). The mother's parental

rights were terminated under section 232.116(1)(e), (g), and (h). The mother has not appealed the termination pursuant to section 232.116(1)(h). Where the juvenile court has terminated a parent's rights on multiple grounds, "we need only find termination appropriate under one of these sections to affirm." *In re J.B.L.*, 844 N.W.2d 703, 704 (Iowa Ct. App. 2014). We affirm termination of the mother's parental rights based on section 232.116(1)(h).

## V. Best Interests

The mother claims termination of her parental rights is not in the child's best interests. The mother states she has a bond with the child. She also states it would be better to place the child in a guardianship with relatives, rather than terminate her parental rights.

In considering a child's best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)). We agree with the juvenile court's decision finding termination of the mother's parental rights was in the child's best interests. The evidence shows the mother has not seen the child since April 2016, she was inconsistent in attending visitation in the past, she and the father had an incident of domestic violence during one supervised visit, and she never progressed past supervised visits. The evidence does not support a finding the mother would be able to meet the needs of the child.

**VI.    Additional Time**

The mother claims she should have been given an additional six months to work toward reunification with the child.  We note the mother has been involved with the Iowa Department of Human Services since 1994 and her parental rights to five older children have been terminated in the past.  Despite many services over many years, the mother continued to struggle with substance abuse, criminal behavior, and domestic violence.  We find it would not be in the child's best interests to further delay matters in this case because there is nothing in the record to indicate the need for removal would no longer exist in six months.  *See* Iowa Code § 232.104(2)(b).

**VII.    Motion to Modify Placement**

The mother claims the juvenile court should have addressed her motion to modify placement of the child.  The mother was interested in having the child placed with relatives in Texas.  She states the relatives from Texas should have been allowed to intervene in the case.  She also claims the juvenile court improperly considered an oral motion by the guardian ad litem to modify the guardianship of the child.

"Once a court determines the requirements are met to support termination, our legislature has chosen not to allow a parent to have enforceable rights."  *In re J.P.,* 499 N.W.2d 334, 340 (Iowa Ct. App. 1993).  "Public policy requires severing all family ties with respect to a child whose parents have had their parental rights terminated."  *Id.*  When a parent's rights have been terminated, the parent does

not have standing to challenge later actions by the juvenile court. *See In re M.N.W.*, 577 N.W.2d 874, 875-76 (Iowa Ct. App. 1998).

We conclude the mother no longer has standing to challenge the placement of the child. Additionally, she does not have standing to challenge the court's ruling on the oral motion to intervene presented by the Texas relatives. *See In re K.R.*, 737 N.W.2d 321, 323 (Iowa Ct. App. 2007) (noting a father did not have standing to raise arguments on behalf of a mother in an appeal of a termination order). Finally, the juvenile court did not grant the guardian ad litem's oral motion to modify the guardianship, but under section 232.117(3), the court properly considered transferring the guardianship of the child.

We affirm the decision of the juvenile court.

**AFFIRMED.**