# IN THE COURT OF APPEALS OF IOWA

No. 14-1642
Filed December 24, 2014

IN THE INTEREST OF M.R.,
     Minor Child,

S.R., Mother,
     Appellant,

R.R., Father,
     Appellant.
_____

Appeal from the Iowa District Court for Polk County, William A. Price, District Associate Judge.

The mother and father separately appeal the termination of their parental rights to their daughter, M.R.  **AFFIRMED ON BOTH APPEALS.**

Todd E. Babich of Babich Goldman, P.C., Des Moines, for appellant-mother.

Donald L. Williams, Des Moines, for appellant-father.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, John P. Sarcone, County Attorney, and Stephanie Brown, Assistant County Attorney, for appellee.

Jessica Jeanne Chandler, Des Moines, attorney and guardian ad litem for minor child.

Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**VOGEL, P.J.**

The mother and father separately appeal the termination of their parental rights to their daughter, M.R. The mother argues termination under Iowa Code section 232.116(1)(d) (2013) was inappropriate because she was not offered adequate services to correct her substance abuse issues. She further claims the State failed to prove termination pursuant to paragraphs (f) and (*l*), arguing M.R. can be returned to her care now or within a reasonable period of time. The father contends the State failed to prove his rights should be terminated under paragraphs (b), (d), (f), and (j), and that the relative-placement consideration should preclude termination, given M.R. has been placed with her maternal great aunt. We conclude, due to the mother's unresolved substance abuse issues, the State proved by clear and convincing evidence M.R. cannot be returned to her care, and termination is appropriate under paragraph (f). Additionally, because the father is serving a life sentence, the juvenile court properly terminated his rights under paragraph (j). Furthermore, termination of both parents' rights is in M.R.'s best interest, and no consideration set forth in Iowa Code section 232.116(3) counsels against termination. Consequently, we affirm the order of the juvenile court terminating the parental rights of the mother and father.

M.R., born March 2009, first came to the attention of the Department of Human Services on May 14, 2013, due to the use of methamphetamine in the home. M.R. was removed, having tested positive for methamphetamine, and placed with a relative. Later during the proceedings she was placed with her maternal great aunt, which is where she remained at the time of the termination

hearing. She was adjudicated a child in need of assistance (CINA) on July 26, 2013, following an uncontested hearing. M.R. did not return to the mother's care following her removal.

The mother acknowledged the reason M.R. tested positive for methamphetamine was due to the mother's use of the drug around M.R. The mother was incarcerated when M.R. was removed due to methamphetamine, theft, forgery, and probation violation charges. She was released on December 23, 2013, and began substance abuse treatment at the House of Mercy shortly thereafter. She was discharged from the program on June 19, 2014, and was deemed to have substantially completed treatment. On July 14, 2014, a hair sample from the mother tested positive for methamphetamine and marijuana. A warrant was issued for her arrest, and the mother was incarcerated on August 27, 2014, where she remained at the time of the termination hearing. At the hearing she testified she did not believe she could presently care for M.R.

The father was incarcerated before M.R. was born. He is serving a life sentence due to convictions for first-degree murder, first-degree robbery, second-degree robbery, and second-degree burglary. At the termination hearing, the father testified he could not remember the last time he had seen M.R., but that it was likely July or August 2013, and the only contact he had with her was when the mother brought M.R. to the prison. He further admitted M.R. could not be placed in his custody.

The State petitioned to terminate the mother's and father's parental rights on August 7, 2014. A contested hearing in which both the mother and father

testified was held, and on September 23, 2014, the juvenile court issued an order terminating both parents' rights to M.R. The court found the State proved grounds for termination with regard to the mother pursuant to Iowa Code section 232.116(1)(d), (f), and (*l*), and with respect to the father, under paragraphs (b), (d), (f), and (j). The mother and father separately appeal.

The standard of review in termination cases is de novo. *In re M.N.W.*, 577 N.W.2d 874, 875 (Iowa Ct. App. 1998). The grounds for termination must be proved by clear and convincing evidence. *In re E.K.*, 568 N.W.2d 829, 830 (Iowa Ct. App. 1997). Our primary concern is the best interests of the child. *In re M.T.*, 613 N.W.2d 690, 691 (Iowa Ct. App. 2000). When the juvenile court terminates parental rights on more than one statutory ground, we need only cite one ground to affirm. *Id.*

To terminate the mother's rights pursuant to paragraph (f), the State must prove by clear and convincing evidence the child is four years of age or older, was adjudicated CINA, removed from the mother's care for twelve of the last eighteen months, and she cannot be returned to the mother's care at the present time. Iowa Code § 232.116(1)(f). The mother does not contest the first three elements, and the record shows M.R. cannot be returned to the mother's care. At the termination hearing the mother admitted she cannot care for M.R. at the present time, and it is clear from her conduct that this is a very accurate assessment of her abilities.[1] M.R. tested positive for methamphetamine at the

---

[1] At the termination hearing, the mother requested additional time to correct the situation, given that she was incarcerated. However, she did not pursue this argument on appeal, and we decline to address the merits of this argument.

time of removal, and, other than when she was either in treatment or prison, the mother made minimal progress towards sobriety. In fact, less than a month after being released from inpatient treatment, she relapsed and then went back to prison. When determining the mother's future actions, her past conduct is instructive. *See In re C.C.*, 538 N.W.2d 664, 666 (Iowa Ct. App. 1995). In addition to the fact she admitted at the hearing she cannot care for M.R., her inability to maintain sobriety shows she cannot properly parent M.R. Consequently, the juvenile court correctly terminated the mother's parental rights pursuant to paragraph (f).

To terminate the father's parental rights under paragraph (j), the child must have been adjudicated CINA, removed from his care, the father is incarcerated, and it is unlikely he will be released for a period of five years or more. Iowa Code § 232.116(1)(j). It is undisputed the father is serving a life sentence in prison. Moreover, he has had only minimal contact with M.R. throughout her life. Consequently, the State proved by clear and convincing evidence the father's rights should be terminated under paragraph (j).

Additionally, termination of both the mother's and father's parental rights is in M.R.'s best interest. She needs permanency and stability in her life, which, as demonstrated by the record, the parents cannot provide. The mother struggles with her addiction, her inability to stay out of prison, and thereby her inability to be an adequate parent. The father will be incarcerated for the rest of his life. M.R.'s current placement with her maternal great aunt, with whom she has a good relationship and who has indicated she is willing to care for M.R. on a

permanent basis, is also a positive indication of M.R.'s current situation. Moreover, "[w]e have repeatedly followed the principle that the statutory time line must be followed and children should not be forced to wait for their parent to grow up." *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998). It is in M.R.'s best interest to achieve permanency and stability with a caregiver who can properly parent her. Therefore, the juvenile court properly found termination is in M.R.'s best interest. *See* Iowa Code § 232.116(2).

Given this situation, no consideration set forth in Iowa Code section 232.116(3) counsels against termination. The father asserts the relative-caregiver exception should preclude termination. *See id.* § 232.116(3)(a). However, the considerations set forth in paragraph three are not dispositive. *See In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010). Given the father's incarceration, the fact M.R. has been placed with her great aunt is not enough of a reason for the court to decline to terminate his parental rights. No other grounds are asserted in this appeal arguing against termination. Consequently, we conclude the juvenile court properly terminated the mother's and father's parental rights, and we affirm.

**AFFIRMED ON BOTH APPEALS.**