# IN THE COURT OF APPEALS OF IOWA

No. 16-1075
Filed September 28, 2016

**IN THE INTEREST OF Y.G. AND E.G.,**
**Minor children,**

**M.G., Mother,**
**J.G., Father,**
      Appellants.
_____

Appeal from the Iowa District Court for Muscatine County, Gary P. Strausser, District Associate Judge.

A mother and father separately appeal the termination of their parental rights to their two children. **AFFIRMED.**

Sara Strain Linder of Bray & Klockau, P.L.C., Iowa City, for appellant mother.

Brian J. Metcalf of Metcalf, Conlon, & Siering, P.L.C., Muscatine, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Kathryn J. Salazar of Lamping, Schlegel, & Salazar, L.L.P., Washington, guardian ad litem for minor children.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VOGEL, Presiding Judge.**

A mother and father separately appeal the termination of their parental rights to their two children. Because the parents have not addressed the problems that prompted the removal of their children, we affirm the district court.

## I. Background Facts and Procedural History.

The children, Y.G., born October 2010, and E.G., born November 2011, came to the attention of the Iowa Department of Human Services (DHS) in June 2014, after an incident of domestic violence between the parents in the home, coupled with parental substance abuse. One of the mother's older children, not subject to these proceedings, related that marijuana was being packaged in and sold from the family home.

The children were removed from the home and placed with other family members. In August 2014, they were adjudicated to be in need of assistance under Iowa Code section 232.2(6)(c)(2) and (n) (2013). Protective and reunification services were offered, including substance abuse and mental health evaluations and treatment programs. In July 2015, after more than one year of offered services, the State filed a petition to terminate the mother's and father's parental rights. The matter came on for hearing on November 25, December 2, and December 16, culminating in a status review hearing on January 21, 2016. By written ruling filed on June 10, 2016, the district court ordered the mother's and the father's parental rights terminated as to Y.G. and E.G.[1] under Iowa Code section 232.116(1)(f) (2015). Both parents appeal.[2]

_____

[1] E.G. turned four years of age on the second day of testimony, but the district court terminated the parents' rights under section 232.116(1)(h), which requires the child to be

**II. Scope of Review.**

Our review of termination of parental rights proceedings is de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). The State must establish the grounds for termination under Iowa Code section 232.116 by clear and convincing evidence. *Id.* Our primary consideration is the best interests of the children. *In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012).

**III. Grounds for Termination.**

Iowa Code section 232.116(1)(f) provides termination may be ordered if:

> (f) The court finds that all of the following have occurred:
> (1) The child is four years of age or older.

---

three years old or younger. The mother and father assert on appeal this was error. *See* Iowa Code § 232.116(1)(h)(1). In light of this issue, our court ordered a limited remand to allow the State to seek to amend the petition to reflect the proper statutory grounds as to E.G. Upon notice and opportunity to be heard for all parties, the district court considered and granted the State's motion to amend the petition. *See In re M.T.,* 613 N.W.2d 690, 693 (Iowa Ct. App. 2000). The court then found clear and convincing evidence to terminate the parents' rights under section 232.116(1)(f) because E.G. was four years of age and had been removed from the parents' custody since June 9, 2014. *Compare* Iowa Code § 232.116(1)(f), *with* § 232.116(1)(h). We will thus proceed to address the termination of E.G. under paragraph (f) and not paragraph (h).

[2] The mother also asserts the district court erred in not dismissing the underlying child-in-need-of-assistance (CINA) petitions because the attorney who sought the ex parte removal of the children had represented the mother in her 2010 dissolution of marriage case. Finding a conflict of interest had occurred, resulting in a violation of the mother's due process rights, the district court nonetheless declined to dismiss the CINA action. The court noted: (1) the attorney had withdrawn from the CINA proceeding just after the removal and prior to adjudication; (2) the issue had been waived as it was not brought to the court's attention until September 29, 2015, after the termination petition was filed, and more than fifteen months after removal; and (3) the mother only sought the CINA dismissal to thwart the termination from proceeding. No appeal was filed in the underlying CINA case. We agree with the State the issue is now moot. *See generally In re A.M.H.*, 516 N.W.2d 867, 871 (Iowa 1994) ("Any error committed in granting the temporary ex parte order cannot now be remedied. We cannot go back in time and restore custody based on alleged errors in the initial removal order."). We affirm the district court's decision denying the mother's motion to dismiss the CINA actions.

(2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

(3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

**A. The Mother.**

The record reflects the mother's primary barriers to having her children return to her at the present time are her severe and untreated mental health problems and accompanying abuse of prescription medication and controlled substances. In December 2014, the mother participated in a psychological evaluation at which time she reported she had received periodic mental health services since 2009. She also reported being hospitalized three times for mental health reasons, including one suicidal ideation in June 2014. She stated she has used cocaine and marijuana and uses a variety of prescription medications, including Wellbutrin, oxycodone, Vicodin, Percocet, and Dilaudid. She reported having been arrested twice in recent times, once for a theft and another for resisting arrest. The mental health evaluator noted the mother's "profile suggests she likely has a long-standing personality problem." Her diagnosis was "Somatoform disorder, Major Depressive Disorder, Avoidant Personality Disorder, and Post Traumatic Stress Disorder." The treatment recommendations included psychotherapy and medication management, as there were concerns the mother had a substance abuse problem. Despite these recommendations, which were incorporated into the September 2014 dispositional order, the mother has failed to engage in needed services.

In the three substance abuse evaluations conducted since June 2014, the mother tested positive for various controlled substances, including marijuana; yet she claimed she only takes medications to control her many health complaints. She has not been willing to cooperate with offered assistance in managing her medications and has appeared intoxicated and otherwise drug affected on several occasions, including during supervised visitation with the children. The district court noted the mother's "medication-seeking behavior" was demonstrated by more than twenty emergency room visits in 2014 and 2015, which were clearly motivated by a desire to gain access to more medications. She did this in spite of her Medicaid restriction to utilize only one medical facility because she had been identified as a person suspected of abusing prescription medications. The mother admits she suffers from depression but denies any need for counseling or other assistance other than to continue self-medicating.

**B. The Father.**

When this case began in June 2014, the father was arrested for domestic abuse, but several months later, the charge was dismissed. In February 2015, the father was arrested and charged with multiple counts of possession of various controlled substances. The arresting officer noted that the father—as well as the mother, who was with him at the time—appeared to be under the influence of an undetermined substance. On April 7, 2015, the father pled guilty to one count of possession of a controlled substance, alprazolem, in violation of Iowa Code section 124.401(5), and he was given a deferred judgment and placed on unsupervised probation for two years. One of the terms of his probation was that he "have no further law violation." In May 2015, the father

tested positive for oxycodone/oxymorphone and marijuana. In July 2015, the substance abuse counselor assessed his alcohol dependence to be in full remission, but she recommended that he participate in continued drug testing. On October 8, 2015, the father tested positive for morphine and marijuana.

The father continued to defend the mother's behavior and denied she had any problems other than some depression. He also denied his own drug use but admitted he took various pain medications, stockpiling both his and the mother's medications so both could take them as they saw fit. Although the father testified at the termination hearing that he did not use marijuana, the district court found his denial not credible, as evidenced by the father's own October 2015 positive drug screen.

**C. Analysis.**

During the course of these proceedings, the mother and father have moved from place to place, staying often with extended family members. Their most recent dwelling was in a one-room motel room.

The DHS caseworker summarized the parents' lack of reunification progress in her November 25, 2015 testimony stating:

> For all of the concerns that were initially identified perhaps with the exception of the domestic violence [they] have not been addressed at all. They are—the same concerns that we identify in today's hearings were the same exact concerns that were identified at the inception of this case without any real progress being noted for either one of these parents.

The district court echoed these concerns, finding, "all the concerns that were present at the beginning of this case remain, but for domestic violence."

We agree with the district court the State proved by clear and convincing evidence the grounds for termination under Iowa Code section 232.116(1)(f).

## IV. Reasonable Efforts.

The mother and father both assert the State failed to make reasonable efforts in reunifying them with their children. A recap of the services offered the parents include:

> case management, family team meetings, family-centered services, referrals to mental health providers, referrals to substance abuse providers, transportation, relative placement, supervised visitation, unannounced drop-in visits, and referrals to community and support resources. Additionally, the parents have had access to court ordered funding in an effort to address any unidentified mental health needs and funding for drug screening.

In addition, although given the contact information and access to community resources, neither parent has availed himself or herself of the offers. As the July 2015 DHS report stated, the parents "either lack[ed] [the] ability to make the necessary changes or [had a] minimal desire or willingness to make necessary changes to facilitate reunification." We agree; reasonable efforts were made by the State to promote reunification, but the parents simply did not utilize the services offered and instead denied their need for services.

## V. Best Interests of the Children and Barriers to Termination.

Before deciding whether to terminate the mother's and the father's parental rights, the district court considered the children's safety, the best placement for furthering the long-term nurturing and growth of the children, and the physical, mental, and emotional condition and needs of the children, as directed by Iowa Code section 232.116(2). *See also In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially) (stating a child's safety and

need for a permanent home are the defining elements in a child's best interests).

The court also considered that the children were in relative placement and that

the parents had a bond with the children. *See* Iowa Code § 232.116(3). The

court concluded,

> The children are clearly bonded to their parents; however, the children need permanency and cannot be returned to their parents now or at any time in the near future. The parents refuse to accept that there are any issues that they need to address and, thus, they have failed to do so. The parents have not been honest regarding their use and abuse of controlled substances and, as a result, have made no progress in this area. The parents have no stable housing. The [DHS] has not been able to assess the parents' housing because the parents failed to advise the [DHS] where they were residing. Visitation remains fully supervised. The mother has failed to use services such as the Lock-in provider. [The father] enables his wife's prescription-seeking behavior and would not protect the children from her. Both parents continue to have absolutely no insight concerning their issues. [The mother] has not addressed her mental health issues. This has affected visitation. She has trouble refocusing on the children. [The father's] attitude towards parenting is that they do not need it. Neither parent has benefitted from the parenting education offered.

We agree it was in the children's best interest to terminate both the mother's and

the father's parental rights and nothing militated against termination.

## VI. Additional Time.

Finally, both parents requested additional time to work towards

reunification. Under Iowa Code section 232.104(2)(b), a court may authorize a

six-month extension of time if it determines "the need for removal of the child

from the child's home will no longer exist at the end of the additional six-month

period." Yet with little to no progress made and the children having been out of

the home since June 2014, we agree with the DHS caseworker's assessment

and the district court's conclusion that additional time would not alter the parents' ability to parent these young children safely and adequately.

**VII.  Conclusion.**

We agree the State proved by clear and convincing evidence the parents' rights should be terminated as to Y.G. and E.G. under section 232.116(1)(f).  We agree with the district court that termination is in the children's best interests and additional time will not facilitate the parents' ability to safely parent these children. We therefore affirm the district court's decision.

**AFFIRMED.**