# IN THE COURT OF APPEALS OF IOWA

No. 19-0741
Filed September 25, 2019

**IN THE INTEREST OF D.P.,**
**Minor Child,**

**J.P., Father,**
　　　Appellant,

**J.P., Mother,**
　　　Appellant.

_____

Appeal from the Iowa District Court for Audubon County, Amy L. Zacharias, Judge.

A mother and father each appeal the juvenile court order terminating their parental rights. **AFFIRMED ON BOTH APPEALS.**

Christine Sand of Wild, Baxter & Sand, PC, Guthrie Center, for appellant father.

Donna Bothwell of Bothwell Law Office, Logan, for appellant mother.

Thomas J. Miller, Attorney General, and Anna T. Stoeffler (until withdrawal) and Mary A. Triick, Assistant Attorneys General, for appellee State.

William Early, Harlan, attorney and guardian ad litem for minor child.

Considered by Potterfield, P.J., Greer, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**MAHAN, Senior Judge.**

A mother and father each appeal the juvenile court order terminating their parental rights. As to the mother, we find there is clear and convincing evidence in the record to support termination of her parental rights, the State made reasonable efforts to reunite her with the child, and termination is in the child's best interests. For the father, we find there is sufficient evidence to warrant termination of his parental rights and the juvenile court properly declined to apply any exceptions to termination. We affirm the decision of the juvenile court.

## I.  Background Facts & Proceedings

J.P., mother, and J.P., father, are the parents of D.P., who was born in 2017. The parents have a history of substance abuse, mental-health problems, domestic violence, and criminal behavior. The child was removed from their care on April 26, 2018, due to concerns the parents were using methamphetamine. The child was placed with the paternal grandparents. On June 23, 2018, the child was adjudicated to be in need of assistance (CINA), under Iowa Code section 232.2(6)(b), (c)(2), and (n) (2018).

Both parents tested positive for methamphetamine in June 2018. Neither parent completed a substance-abuse treatment program. They also failed to participate in drug testing. The parents were not consistent in attending visitation. In a January 2019 permanency review order, the juvenile court noted, the parents "have struggled over this last review period. Neither parent has made any progress towards sobriety except that which has been forced because they were incarcerated." The court stated, "They continue to have an on again, off again relationship that is toxic."

On February 8, 2019, the State filed a petition seeking to terminate the parents' rights. At the time of the termination hearing, held on April 12, 2019, the parents were not in a position to have the child returned to their care. The mother had just started a new substance-abuse treatment program and the father was in prison. The mother failed to come to the hearing, stating she did not have a means of transportation. The mother asked for more time to work on reunification. The father asked to have the child placed in a guardianship with his parents.

The juvenile court terminated the mother's parental rights pursuant to section 232.116(1)(e) and (h) (2019) and the father's parental rights pursuant to section 232.116(1)(e), (h), and (j). The court stated:

> The reality is that neither parent has shown any interest in parenting [the child] but simply showing up for visits and interacting with him for a short time. In this case, both parents remained at a fully supervised level for visits because sobriety has not been achieved and the safety of [the child] cannot be guaranteed while he is in their care. The parents in this case are far more about their bond with each other rather than their bond with their child. Repeatedly, they chose methamphetamine and each other over [the child]. Both parents had to admit that they cannot have [the child] returned to either of their care at this time.

The court found the State made reasonable efforts to return the child to the parents. The court concluded termination of the parents' rights was in the child's best interests and the exceptions in section 232.116(3) should not be applied. The mother and father each appealed the juvenile court decision.

## II.     Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn

from the evidence." *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) (citation omitted). Our primary concern is the best interests of the child. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

### III. Mother

**A.** The mother claims there is not sufficient evidence in the record to support termination of her parental rights. "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm." *In re T.S.*, 868 N.W.2d 425, 435 (Iowa Ct. App. 2015). We will consider the termination of the mother's parental rights under section 232.116(1)(h).

The mother disputes only the fourth element of section 232.116(1)(h), concerning whether the child could be safely returned to her care. She states the child could be placed in her care within one month, as she had begun a new substance-abuse treatment program. The mother was hoping to get a job and then obtain an apartment.

We determine there is clear and convincing evidence in the record to show the child could not be safely returned to the mother's care at the time of the termination hearing. *See In re A.S.*, 906 N.W.2d 467, 473 (Iowa 2018) (noting evidence of whether a child could be returned to a parent "at the time of the termination hearing"). When asked if the child could be returned to her care on the day of the termination hearing, she stated, "Not specifically today." Furthermore, the mother had not sufficiently addressed her problems with substance abuse. She had only been to a substance-abuse evaluation and one group session in the

substance-abuse treatment program. We conclude the mother's parental rights were properly terminated under section 232.116(1)(h).

**B.** The mother claims the State did not engage in reasonable efforts to reunite her with the child. She states there was a lack of communication from DHS about available services. "The State must show reasonable efforts as a part of its ultimate proof the child cannot be safely returned to the care of a parent." *In re L.M.*, 904 N.W.2d 835, 839 (Iowa 2017). "[W]hat constitutes reasonable services varies based upon the requirements of each individual case." *In re C.H.*, 652 N.W.2d 144, 147 (Iowa 2002). "[DHS] has an obligation to make reasonable efforts toward reunification, but a parent has an equal obligation to demand other, different, or additional services prior to a permanency or termination hearing." *In re A.A.G.*, 708 N.W.2d 85, 91 (Iowa Ct. App. 2005).

The record does not show the mother requested additional or different services before the termination hearing. We conclude her complaints about reasonable efforts are untimely and the issue has not been properly raised for our review. *See In re M.T.*, 613 N.W.2d 690, 692 (Iowa Ct. App. 2000).

**C.** The mother asserts termination of her parental rights is not in the child's best interests. She states she has a bond with the child. The mother asks for additional time to work on reunification. In considering the best interests of children, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for

termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child."  *Id.* at 41.

We find termination of the mother's parental rights is in the child's best interests.  We agree with the juvenile court's statements, "The parents in this case are far more about their bond with each other rather than their bond with their child. Repeatedly, they chose methamphetamine and each other over [the child]."  We further find it is not in the child's best interests to give the mother additional time. As this court stated in *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998), "There is nothing to reasonably suggest [the mother] will overcome her addiction if the termination is delayed."  The child needs a permanent and stable home and it would not be in the child's best interests to further delay matters.  *See In re C.K.*, 558 N.W.2d 170, 175 (Iowa 1997) ("Patience with parents can soon translate into intolerable hardship for a child.").

### IV. Father

**A.** The father claims there is not clear and convincing evidence in the record to support termination of his parental rights.  Like the mother, we will analyze the termination of the father's parental rights under section 232.116(1)(h). *See T.S.*, 868 N.W.2d at 435 (finding we need to consider only one ground for termination of parental rights, even when the juvenile court has relied upon multiple grounds).

The father was not in a position to have the child returned to his care at the time of the termination hearing because he was in prison.  The father testified he might be released in one year, although it could be longer.  Even after he is released, the father needs to work on sobriety and anger management.  We

conclude the child could not be safely returned to the father's care and the juvenile court properly terminated his parental rights under section 232.116(1)(h).

**B.** The father asserts the juvenile court should have declined to terminate his parental rights because termination would be detrimental to the child based on the closeness of the parent-child relationship. *See* Iowa Code § 232.116(3)(c). "[T]he factors weighing against termination in section 232.116(3) are permissive, not mandatory." *In re M.W.*, 876 N.W.2d 212, 225 (Iowa 2016). "[T]he parent resisting termination bears the burden to establish an exception to termination under Iowa Code section 232.116(3)." *A.S.*, 906 N.W.2d at 476.

We find the father has not met his burden to show the juvenile court should have found termination inappropriate based on the bond between the parent and child. The court found the parents had a greater bond with each other than they did with the child and they chose to continue their lifestyle, which included substance abuse and domestic abuse, rather than put the needs of the child first.

We conclude the juvenile court properly terminated the parental rights of the mother and the father. We affirm the decision of the court.

**AFFIRMED ON BOTH APPEALS.**

Greer, J., concurs; Potterfield, P.J., concurs specially.

**POTTERFIELD, Presiding Judge** (concurring specially).

I agree with the opinion of the majority terminating the rights of both parents. As to the incarcerated father, we need not address the best interests of the child since it was not raised. *See In re Q.G.*, 911 N.W.2d 761, 769 (Iowa 2018).