# IN THE COURT OF APPEALS OF IOWA

No. 21-0430
Filed May 26, 2021

IN THE INTEREST OF C.D.,
Minor Child,

A.D., Mother,
        Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Adam D. Sauer, District Associate Judge.

A mother appeals the juvenile court order terminating her parental rights. **AFFIRMED.**

Jane M. Wright, Forest City, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

David A. Grooters of Pappajohn, Shriver, Eide & Nielsen, P.C., Mason City, attorney and guardian ad litem for minor child.

Considered by Bower, C.J., Tabor, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**DANILSON, Senior Judge.**

A mother appeals the juvenile court order terminating her parental rights. We find the juvenile court did not abuse its discretion in denying the mother's motion for a continuance during the termination hearing, there is sufficient evidence to support the termination, termination of the mother's parental rights is in the child's best interests, none of the exceptions to termination should be applied, the mother should not be given an extension of time to work on reunification, and the mother is unable to challenge the child-in-need-of-assistance (CINA) adjudication in this appeal. We affirm the decision of the juvenile court.

## I.      Background Facts & Proceedings

A.D., mother, and S.H., father, are the parents of C.D., born in 2015. The Iowa Department of Human Services (DHS) became involved with the family in October 2019 due to reports the mother was using methamphetamine. The child was removed from the parents' care on November 7 and placed in the care of relatives.

There was a CINA adjudication for the child on November 22, based on Iowa Code section 232.2(6)(n) (2019). During the CINA proceedings, the mother entered four substance-abuse treatment programs but was unsuccessful in maintaining sobriety. She continued to use methamphetamine. She did not participate in random drug testing. The mother was not always consistent in attending visitation. At times she became easily frustrated with the child.

In a review order on May 7, 2020, the juvenile court found the parents lacked stability, they did not consistently participate in services, and they had ongoing drug use. The court ruled in the permanency order on October 16 that the parents

had made only minimal progress in the case. The court noted the mother had not addressed her need for mental-health treatment.

On December 31, the State filed a petition for termination of parental rights. The termination hearing was held telephonically on March 9, 2021. The mother testified that she had been in a substance-abuse treatment program for a month or two but had also used methamphetamine a week before the hearing. She stated that prior to a week before the hearing she had been using methamphetamine every other day for about three months. The mother testified she was receiving mental-health counseling.

The following exchange occurred during the questioning of a social worker by the guardian ad litem (GAL):

> Q. Is there one thing that [the mother] is better at now than when this started? A. She has gotten more consistent in attending her interactions.
> Q. But she still misses visits? A. Yes, at times usually on her cancellation.
> Q In other words, she cancels visits, is that what you're saying?
> Mother: Hardly.
> A. Yes.
> Mother: God. Hardly. You fu*king—God.
> The Court: Ms.—Ms. [A.D.]?

The mother was then disconnected from the conference call. There was a break in the proceedings to permit counsel for the mother to contact her.

When the proceedings resumed, the court stated:

> We took a break after [the mother] hung up. My understanding is [counsel for the mother] has reached out to her, was not able to get in contact with her and that [a DHS social worker] also called her and it went straight to voice mail; and so no one has been able to reach her. She was upset when she hung up and she has not called back in at this time.

Counsel for the mother stated she tried to contact the mother by email, telephone, and text messages but was unable to contact her.

Counsel for the mother asked for a continuance. The State resisted, claiming the mother made the choice to not attend the remainder of the hearing. The GAL agreed that the mother made a voluntary decision to leave the hearing. Counsel for the mother pointed out that it was unknown whether the mother voluntary hung up the phone. The court stated, "[I]t was very clear to the Court that [the mother] was not happy with the most recent answer that was provided by [the social worker]; and she hung up out of frustration." The court found that a continuance based on the mother's intentional acts would not be appropriate.

The juvenile court terminated the parents' rights.[1] The mother's rights were terminated under section 232.116(1)(e) and (f) (2020). The court found termination of the mother's rights was in the child's best interests. The court also found none of the exceptions to termination in section 232.116(3) should be applied in this case. The court determined an extension of time should not be granted, stating, "There is no indication that parents will have achieved case goals in the next six months, considering their lack of progress over the past 18 months." The mother appeals the termination of her parental rights.

## II.     Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The State must prove its allegations for termination by clear and convincing evidence. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "'Clear

---

[1] The father has not appealed the termination of his parental rights.

and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.* Our primary concern is the best interests of the child. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

### III. Continuance

The mother claims the juvenile court should have granted her request for a continuance during the termination hearing. She states the telephone line was disconnected. The mother contends the hearing should not have proceeded without her participation.

A motion to continue should not be granted unless there is good cause. *In re R.B.*, 832 N.W.2d 375, 378 (Iowa Ct. App. 2013) (citing Iowa Ct. R. 8.5). We review the juvenile court's ruling on a motion for a continuance for an abuse of discretion. *Id.* "Denial of a motion to continue must be unreasonable under the circumstances before we will reverse." *In re C.W.*, 554 N.W.2d 279, 281 (Iowa Ct. App. 1996).

The circumstances present at the time the mother was disconnected from the telephone conference call support the juvenile court's conclusion the mother hung up the phone. Her language immediately before the call was disconnected shows she was very upset and disrespectful. Moreover, multiple attempts were made to contact the mother during the break in the court proceedings, but the mother did not respond to telephone calls, text messages, or emails. Moreover, the mother never filed a motion to reopen the record during the two-week period from the end of the termination hearing and the date the termination order was filed. We conclude the mother voluntarily decided to not participate in the

remainder of the termination hearing. The juvenile court did not abuse its discretion by denying the motion to continue made by the mother's counsel. *See In re K.M.*, No. 16-0778, 2016 WL 4379361, at *2 (Iowa Ct. App. Aug. 17, 2016) (finding no abuse of discretion in the denial of a motion for continuance, although the parent was not present at the time of a CINA hearing).

On appeal, the mother claims the juvenile court's denial of her motion for a continuance violated her due process rights. This issue was not raised before the juvenile court. "As a general rule, parties to a child-welfare proceeding have an obligation to preserve error for appeal, even error of constitutional dimension." *In re B.E.*, 875 N.W.2d 181, 186 (Iowa Ct. App. 2015). "This requires presentation of the constitutional question to the district court when the ground or grounds for objection become apparent." *Id.* "Additionally, generally, the district court must rule upon the issue raised at some point prior to appeal." *Id.* We conclude the mother's due process claims have not been preserved for our review and we do not address them.

## IV. Sufficiency of the Evidence

The mother claims there is not sufficient evidence in the record to support termination of her parental rights. "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination." *In re T.S.*, 868 N.W.2d 425, 434 (Iowa Ct. App. 2015). "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm."

*Id.* at 435. We focus on the termination of the mother's parental rights under section 232.116(1)(f).[2]

The mother does not dispute the first three elements of section 232.116(1)(f) but asserts there is insufficient evidence to show the child could not safely be returned to her care. *See* Iowa Code § 232.116(1)(f)(4). She states there is no evidence to show her drug use was harmful to the child.

We consider whether a child can be returned to a parent's care at the time of the termination hearing. *In re A.M.*, 843 N.W.2d 100, 111 (Iowa 2014). The mother admitted that she had been using methamphetamine every other day in the three months before the termination hearing but stated she had not used in the one-week period before the hearing. A parent's active addiction to methamphetamine may result in harmful effects to a child. *See J.S.*, 846 N.W.2d at 42. Here, the mother's anger has been detrimental to the child. In addition to her substance-abuse problems, the mother had unaddressed mental-health problems. We find the child could not be returned to the mother at the time of the termination hearing. The elements for termination of parental rights under section 232.116(1)(f) are supported by the record.

---

[2] Under section 232.116(1)(f), a parent's rights may be terminated if the court finds:
    (1) The child is four years of age or older.
    (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
    (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
    (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

### V. Best Interests

The mother contends that termination of her parental rights is not in the child's best interests. She states that her ability to provide for the needs of the child was not affected by her substance abuse.

In considering the child's best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.*

The mother struggles with long-term sobriety and her mental health. During visitation, she sometimes became frustrated with the child and snapped at him, causing him to cry. She also conducted adult conversations in the child's presence. The mother did not demonstrate the consistency and stability the child needed. We find termination of the mother's parental rights is in the child's best interests.

### VI. Exceptions

The mother claims the juvenile court should have applied an exception to termination under section 232.116(3). She does not designate which exception or exceptions she believes apply in this case. The mother has the burden to show an exception to termination should be applied. *See In re W.M.*, 957 N.W.2d 305, 312 (Iowa 2021).

The juvenile court considered all of the exceptions in section 232.116(3) and determined none of them should be applied. The application of the exceptions is permissive, not mandatory. *In re A.R.*, 932 N.W.2d 588, 591 (Iowa Ct. App. 2019). "The court may exercise its discretion in deciding whether to apply the factors in section 232.116(3) to save the parent-child relationship based on the unique circumstances of each case and the best interests of the children." *Id.* We agree with the juvenile court's conclusion that none of the exceptions should be applied under the circumstances of this case.

## VII. Extension of Time

In her request for relief, the mother asks for an additional six months to work on reunification with the child. The juvenile court may decide to not terminate parental rights if it finds there is clear and convincing evidence that CINA proceedings should continue and enters an order to extend the time for reunification in accordance with section 232.104(2)(b). Iowa Code § 232.117(5). The court may continue the proceedings for an additional six months if the court finds "the need for removal . . . will no longer exist at the end of the additional six-month period." *Id.* § 232.104(2)(b).

The juvenile court addressed this issue and found:

> The same concerns that existed at the time of case initiation still exist today. [The mother's] sobriety remains an issue. Parents have not achieved stability and additional time is not warranted. There is no indication that parents will have achieved case goals in the next six months, considering their lack of progress over the past 18 months. The child has been in his current placement since removal and they are an adoptive placement. The child is in need of permanency.

We find an extension of time is not warranted under the facts of this case. The evidence does not show that it is likely the need for removal would no longer exist in six months. The mother has not been able to maintain sobriety over an extended period of time. She also has not shown the ability to change at this time in her life, and any progress has been short-lived.

### VIII. CINA Adjudication

Finally, the mother contends the State did not meet its burden of proof for the CINA adjudication. The mother should have appealed following the CINA dispositional order, which is a final order. *See In re W.D.*, 562 N.W.2d 183, 185 (Iowa 1997). Her failure to appeal the CINA adjudication prevents her from raising this issue in the appeal of the termination order. *See In re M.T.*, 613 N.W.2d 690, 692 (Iowa Ct. App. 2000) (finding a parent's failure to appeal on the grounds of a lack of reasonable services during the CINA proceedings meant he failed to preserve error on this claim during the termination proceedings). We do not address the mother's claims concerning the CINA adjudication.

We affirm the decision of the juvenile court.

**AFFIRMED.**