# IN THE COURT OF APPEALS OF IOWA

No. 24-1091
Filed September 18, 2024

**IN THE INTEREST OF J.W. and A.W.,**
**Minor Children,**

**K.W., Mother,**
Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Daniel L. Block,

Judge.


A mother appeals the termination of her parental rights to two children.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**


Andrew C. Abbott of Abbott Law Office, PC, Waterloo, for appellant mother.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney

General, for appellee State.

Rachel C. Bailie Antonuccio of Juvenile Public Defenders Office Waterloo,

Waterloo, attorney and guardian ad litem for minor children.


Considered by Tabor, C.J., and Chicchelly and Sandy, JJ.

**CHICCHELLY, Judge.**

A mother appeals the order terminating her parental rights to two children: J.W., born in February 2020, and A.W., born in July 2022.[1] She challenges the evidence showing the grounds for termination. Because clear and convincing evidence supports termination of the mother's parental rights to A.W. under one of the grounds found by the juvenile court, we affirm. But we find the record does not support terminating the mother's parental rights to J.W. based on either ground found by the juvenile court, so we vacate the termination of her parental rights to J.W. and remand for further proceedings.

**I. Background Facts and Proceedings.**

The family came to the attention of the Iowa Department of Health and Human Services in December 2022 when A.W. was admitted to the hospital for failure to thrive. More concerns surfaced in the weeks that followed. A.W. was treated for a severe diaper rash that had become infected. The treating doctor described it as one of the worst cases she had seen in her thirty years of pediatric practice and consulted a wound care specialist about treatment. The doctor also reported that A.W. showed signs of social neglect: not smiling or making eye contact, not crying or otherwise indicating her need to eat, and not expressing pain. A.W. then contracted RSV and lost considerable weight over a short period, which led to her hospitalization. The mother refused to accept any responsibility for A.W.'s condition and seemed incapable of following directions about feeding A.W.

---

[1] The mother gave birth to N.W. in January 2024, but N.W. remained in the mother's custody at the time of the termination hearing and is not involved in this appeal.

and treating her diaper rash. The juvenile court removed A.W. from the mother's custody, and the State petitioned to adjudicate A.W. as a child in need of assistance (CINA). The juvenile court granted the petition in January 2023.

J.W. was removed in June 2023 after he was found on a city street in his diapers, covered in feces. There were also concerns that J.W. had not received the recommended treatment for an eye condition, and the condition of the home was described as unsanitary. As a result, the juvenile court adjudicated J.W. a CINA based on concerns that he was not receiving adequate supervision.

The mother attended most visits with the children, but her visits remained fully supervised and service providers remained concerned about the mother's caretaking ability. The mother ended visits early when she became overwhelmed and seemed unable to recognize basic safety concerns. The state of the home continued to be a concern. Although the mother received services to address her parenting deficiencies, the concerns that led to the CINA adjudications remained.

In January 2024, the State petitioned to terminate the mother's parental rights to both children under Iowa Code section 232.116(1)(e) and (h) (2024). After a termination hearing in April 2024, the juvenile court terminated the mother's parental rights to the children under both paragraphs.

**II. Discussion.**

The mother challenges the termination of her parental rights to each child under section 232.116(1)(e) and (h). We review her claim de novo. *See In re W.M.*, 957 N.W.2d 305, 312 (Iowa 2021). "We are not bound by the factual findings of the juvenile court, though we give them respectful consideration, particularly with respect to credibility determinations." *Id.* The State must prove the grounds

for termination by clear and convincing evidence, meaning "there are no 'serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence.'" *Id.* (alteration in original) (citation omitted). Because the juvenile court terminated the mother's parental rights to the children on two grounds, we may affirm if either ground is supported by the record. *Id.* at 313.

### A. Termination of Parental Rights to A.W.

We begin with the mother's challenge to the termination of her parental rights to A.W. under Iowa Code section 232.116(1)(h). The court may terminate under this section if it finds:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Iowa Code § 232.116(1)(h).

The mother does not dispute that A.W. meets the elements for termination under section 232.116(1)(h)(1)–(3). Instead, she argues the State failed to prove by clear and convincing evidence that "the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time." *Id.* § 232.116(1)(h)(4). A child cannot be returned to the parents as provided in section 232.102(6) if the child will suffer harm that would justify a CINA adjudication. "At the present time" means at the time of the termination hearing.

*See In re A.B.*, 956 N.W.2d 162, 168 (Iowa 2021) (interpreting the phrase as used in Iowa Code section 232.116(1)).

Clear and convincing evidence shows that A.W. could not be returned to the mother's custody at the time of the termination hearing. The mother's visits remained fully supervised throughout the CINA proceedings, and service providers often needed to intervene because the mother could not provide the care needed. The mother ended visits early because she could not handle supervising A.W. along with N.W., who was still in the mother's custody, and J.W. The mother testified that she cannot manage all three children on her own. Because A.W. was at risk of adjudicatory harm if returned to the mother's custody at the time of the termination hearing, the grounds for termination under section 232.116(1)(h) have been met.

We affirm the termination of the mother's parental rights to A.W.

**B. Termination of Parental Rights to J.W.**

Next, we turn to the mother's contention that the juvenile court erred by terminating her parental rights to J.W. under section 232.116(1)(e) and (h). We begin with the termination of her parental rights under section 232.116(1)(h).

On appeal, the mother notes that J.W. does not meet the age requirements for termination under section 232.116(1)(h), which applies to children "three years of age or younger." Iowa Code § 232.116(1)(h)(1). Although J.W. was three years old when the State filed the termination petition, he turned four before the termination hearing. As with the other requirements for termination under section 232.116(1)(h), we determine the child's age at the time of the termination hearing rather than on the date the termination petition is filed. *See In re A.M.S.*,

419 N.W.2d 723, 725 (Iowa 1988) (holding that the court may terminate parental rights if the criterion in section 232.116(1) is met at the time of the termination hearing); *In re J.A.*, No. 13-0889, 2013 WL 5758054, at *3 (Iowa Ct. App. Oct. 23, 2013) (noting that "the child's age must be determined upon the date of completion of the termination hearings"). Because J.W. did not meet the age criteria for termination at the time of the termination hearing, the juvenile court erred by terminating the mother's parental rights to J.W. under section 232.116(1)(h).[2]

The juvenile court also terminated the mother's parental rights to J.W. under section 232.116(1)(e).[3] The mother does not dispute that the evidence shows the

---

[2] Section 232.116(1)(f) is like section 232.116(1)(h) except it applies to children four years and older, *see* Iowa Code § 232.116(1)(f)(1), who have been "removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days," *id.* § 232.116(1)(f)(3). Because J.W. meets the age requirements for termination under section 232.116(1)(f), we would order a limited remand to the juvenile court so the State could seek leave to amend the petition to conform to proof *if* the record showed that J.W. met the other criterion for termination under section 232.116(1)(f). *See In re M.T.*, 613 N.W.2d 690, 693 (Iowa Ct. App. 2000) (affirming termination of parental rights after a limited remand to amend the termination petition to include the correct code section where parties failed to notice error in the code section based on the child's age "until well after the termination order had been entered"). But J.W.'s removal does not meet the removal requirement of section 232.116(1)(f)(3). Although the court entered the termination order one day after the twelve-month requirement was met, J.W. had been removed for less than ten months at the time of the termination hearing, when we apply the criteria. *See J.A.*, 2013 WL 5758054, at *3 (declining to order a limited remand to amend the termination petition to conform to proof when the juvenile court erroneously terminated parental rights to four-year-old child under section 232.116(1)(h) because the child had been removed for only ten months at the time of the termination hearing, which failed to satisfy section 232.116(1)(f)(3)).

[3] Although the termination petition alleged that both the mother's and the father's parental rights could be terminated under section 232.116(1)(e), it appears that this ground for termination was directed toward the father, who was in a community based correctional facility at the time of the termination hearing. As the juvenile court found, the father "has been an inconsistent presence in the children's life" and "has not maintained any meaningful contact with his children."

first two elements for termination under this paragraph. *See* Iowa Code § 232.116(1)(e)(1) (stating the child must be adjudicated CINA), (2) (stating the child must be removed from the parent's physical custody for at least six consecutive months). She disputes the third element, requiring "clear and convincing evidence that the parents have not maintained significant and meaningful contact with the child during the previous six consecutive months and have made no reasonable efforts to resume care of the child despite being given the opportunity to do so." The definition of "significant and meaningful contact"

> includes but is not limited to the affirmative assumption by the parents of the duties encompassed by the role of being a parent. This affirmative duty, in addition to financial obligations, requires continued interest in the child, a genuine effort to complete the responsibilities prescribed in the case permanency plan, a genuine effort to maintain communication with the child, and requires that the parents establish and maintain a place of importance in the child's life.

*Id.* § 232.116(1)(e)(3).

The juvenile court's findings do not support terminating the mother's parental rights under section 232.116(1)(e). In addressing the father's deficiencies, the court found he "has not meaningfully participated in services throughout the juvenile court's involvement," had ceased visiting the children, and was "unavailable" to them. But when making findings about the mother, the court focused on her inability to supervise the children and keep them safe despite the receipt of services. Those facts show the children could not be returned to the mother's custody as required for termination under section 232.116(1)(h). They do not show the mother failed to maintain significant and meaningful contact as required to terminate parental rights under section 232.116(1)(e).

We agree that the record does not support a finding that the mother failed to maintain significant and meaningful contact with either child. The State's argument that the mother failed to maintain significant and meaningful contact with J.W. because she failed to attend every medical appointment is unavailing.[4] Its argument about the mother's continued reliance on service providers to assist her during supervised visits goes to the mother's ability to resume custody of the children under section 232.116(1)(h), not a lack of significant and meaningful contact under section 232.116(1)(e).

Because the record does not support terminating the mother's parental rights to J.W. under either section 232.116(1)(e) or (h), we vacate that portion of the order and remand for further proceedings.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**

---

[4] There were concerns about the mother's attendance during A.W.'s physical therapy/occupational therapy appointments, which were scheduled every two weeks. The mother had not attended any of those appointments since July 2023, missing twenty-five in total. But it appears that the mother had better attendance at J.W.'s medical appointments because her visitation coincided with them.